UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN EDWARD VELASQUEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM SANDIE, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:16-cv-00493-MMD-VPC<br><br>ORDER |

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Bryan Edward Velasquez, a Nevada prisoner. Velasquez filed his habeas corpus petition, along with an application to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion to extend his prison copy work limit, on August 19, 2016 (ECF No. 1).

The financial information provided with the application to proceed *in forma pauperis* indicates that Velasquez qualifies for *in forma pauperis* status. The application to proceed *in forma pauperis* will be granted.

The court has reviewed Velasquez's petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It plainly appears that Velasquez's petition must be dismissed, as it is a successive habeas petition, and Velasquez has not obtained from the Ninth Circuit Court of Appeals the permission required to file such a successive petition.

Velasquez's petition in this case challenges his conviction for attempted sexual assault with a child under fourteen years of age and attempted lewdness with a child under fourteen years of age, on which he is serving two consecutive eight to twenty year sentences. *See* Petition for Writ of Habeas Corpus, attached to Application to Proceed *in Forma Pauperis*, ECF No. 1-1. Velasquez states in his petition that this is not his first federal habeas petition challenging that conviction, but he states that he does not remember the case number of his prior federal petition, and he states that it was dismissed for procedural reasons. *See id.* at 2.

The Court takes judicial notice of the proceedings in Case No. 3:09-cv-00441-HDM-RAM. *See* Fed. R. Evid. 201. Velasquez initiated that action, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on August 10, 2009. In his petition in that case, Velasquez challenged the same conviction that he challenges in this case. *See* Petition for Writ of Habeas Corpus, ECF No. 1-2 in Case No. 3:09-cv-00441-HDM-RAM. On September 22, 2009, the Court dismissed the action as barred by the statute of limitations. *See* Order, ECF No. 7 in Case No. 3:09-cv-00441-HDM-RAM. Judgment was entered, as follows, on September 23, 2009:

> Judgment is entered against petitioner and in favor of respondents. The petition is dismissed with prejudice as untimely.

Order, ECF No. 7 in Case No. 3:09-cv-00441-HDM-RAM.

A successive habeas petition may not be filed in this Court unless the petitioner has obtained permission to do so from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Section 2244(b) applies when the previous petition was dismissed as barred by the statute of limitations. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits

and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."). Velasquez makes no allegation or showing that he has obtained permission from the court of appeals to file this successive habeas petition. Therefore, this action will be summarily dismissed.

It is therefore ordered that the petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted. The petitioner is not required to pay the filing fee for this action.

It is further ordered that the clerk of the court will separately file the petition for writ of habeas corpus, the motion for appointment of counsel, and the motion to extend petitioner's prison copy work limit, which are attached to the application to proceed *in forma pauperis* (ECF No. 1).

It is further ordered that the motion for appointment of counsel, and the motion to extend petitioner's prison copy work limit are denied, as moot.

It is further ordered that the clerk of the court will add Adam Paul Laxalt, Attorney General of the State of Nevada, to the docket for this case, as counsel for respondents. The clerk of court will serve respondents with a copy of the habeas corpus petition and a copy of this order. Respondents need take no action with respect to this case.

It is further ordered that this action is dismissed without prejudice.

It is further ordered that the petitioner is denied a certificate of appealability.

It is further ordered that the clerk of the court shall enter judgment accordingly.

DATED THIS 31st day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE